FILED BY CLERK

SEP 14 2006

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| SCOTT DOUGLAS NORDSTROM, | ) | 2 CA-SA 2006-0056 |
| | ) | DEPARTMENT A |
| Petitioner, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | |
| HON. MICHAEL CRUIKSHANK, Judge | ) | |
| of the Superior Court of the State of | ) | |
| Arizona, in and for the County of Pima, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR-55947

JURISDICTION ACCEPTED; RELIEF GRANTED

---

David Darby
Tucson
Attorney for Petitioner


Barbara LaWall, Pima County Attorney
  By Taren M. Ellis and Rick Unklesbay
Tucson
Attorneys for Real Party in Interest

---

H O W A R D, Presiding Judge.

¶1	In this special action, we are asked to determine the scope of petitioner Scott Douglas Nordstrom's sentencing trial, which is scheduled as a result of our supreme court's decision in *State v. Nordstrom*, 206 Ariz. 242, ¶ 28, 77 P.3d 40, 46 (2003) (*Nordstrom II*), that vacated six death sentences the respondent judge had imposed on Nordstrom's first-degree murder convictions and remanded the case for resentencing by a jury pursuant to A.R.S. §§ 13-703 and 13-703.01.  The respondent judge ruled that Nordstrom was only entitled to have a jury weigh the aggravating and mitigating circumstances in determining whether he should be sentenced to death for murdering the six victims and that he was not entitled to have the jury determine the existence of the aggravating circumstances.  For the reasons stated below, we accept jurisdiction of this special action and grant relief.

**BACKGROUND**

¶2	In December 1997, a jury found Nordstrom guilty of first-degree murder and various other offenses in connection with events that had occurred in Tucson on May 30, 1996, and June 13, 1996, at the Moon Smoke Shop and the Firefighters' Union Hall.  *State v. Nordstrom*, 200 Ariz. 229, ¶¶ 1-4, 6, 8, 25 P.3d 717, 724-26 (2001) (*Nordstrom I*).  After a sentencing hearing, the respondent judge found beyond a reasonable doubt that aggravating circumstances existed as to the murder convictions under § 13-703(F)(1) ("The defendant has been convicted of another offense in the United States for which under Arizona law a sentence of life imprisonment or death was imposable."), § 13-703(F)(5) ("The defendant committed the offense as consideration for the receipt, or in expectation of the receipt, of anything of pecuniary value."), and § 13-703(F)(8) ("The

2

defendant has been convicted of one or more other homicides . . . that were committed during the commission of the offense."). The respondent found no mitigating circumstances existed that were "sufficiently substantial to call for leniency," § 13-703(E), and sentenced Nordstrom to death on the murder convictions. The supreme court affirmed the convictions and the death sentences. *Nordstrom I*, 200 Ariz. 229, ¶ 99, 25 P.3d at 745.

¶3        In 2002, the United States Supreme Court reversed the Arizona Supreme Court's decision in *State v. Ring*, 200 Ariz. 267, 25 P.3d 1139 (2001) (*Ring I*), and held in *Ring v. Arizona*, 536 U.S. 584, 588, 609, 122 S. Ct. 2428, 2432, 2443 (2002) (*Ring II*), that this state's capital sentencing statutes were unconstitutional because they violated a defendant's right to a jury trial as guaranteed by the Sixth Amendment to the United States Constitution. The Supreme Court stated that, "[b]ecause Arizona's enumerated aggravating factors operate as 'the functional equivalent of an element of a greater offense,' the Sixth Amendment requires that they be found by a jury." *Id*. at 609, 122 S. Ct. at 2443, *quoting Apprendi v. New Jersey*, 530 U.S. 466, 494 n.19, 120 S. Ct. 2348, 2365 n.19 (2000). Thereafter, the Arizona Supreme Court consolidated the cases in which defendants had been sentenced to death under the invalidated statutory scheme and in which the supreme court had not yet issued its mandate. *State v. Ring*, 204 Ariz. 534, ¶¶ 5-6, 65 P.3d 915, 925 (2003) (*Ring III*). The supreme court concluded in *Ring III* that "Arizona's failure to require a trial judge to submit the aggravating circumstance element of capital murder to a jury does not constitute structural error." *Id*. ¶ 53. Consequently, the court determined it would review the sentences of such defendants for harmless error. *Id*.

3

**¶4** Among the cases the supreme court reviewed was Nordstrom's. *Nordstrom II*, 206 Ariz. 242, ¶ 3, 77 P.3d at 42. The court concluded there was no reason to disturb the respondent judge's finding that the aggravating circumstance under §13-703(F)(1) existed based on the supreme court's decision in *Ring III*. *Nordstrom II*, 202 Ariz. 242, ¶ 7, 77 P.3d at 43. In *Ring III*, the supreme court said, it had held the Sixth Amendment "does not require a jury to determine the existence of an (F)(1) factor." *Nordstrom II*, 206 Ariz. 242, ¶ 6, 77 P.3d at 43, *citing Ring III*, 204 Ariz. 534, ¶ 55, 65 P.3d at 937. As for the circumstances under § 13-703(F)(5) and (F)(8), the court found in *Nordstrom II*, based on the record before it, that "no reasonable jury would have failed to find the aggravating factors set forth in [these subsections] proven beyond a reasonable doubt." 206 Ariz. 242, ¶ 17, 77 P.3d at 47.[1] But, the court concluded, "because some of the findings with respect to the mitigating factors rested on an assessment of the credibility of witnesses," the case had to be remanded for resentencing. *Id*. ¶ 18.

**¶5** Specifically, the court stated it could not find "beyond a reasonable doubt that a jury would not have weighed this evidence differently than did the trial judge." And, the court observed, "a different finding as to the mitigating circumstances could affect the

---

[1]On the (F)(8) factor, the supreme court reasoned that, "[b]ecause the armed robberies and murders at both the Moon Smoke Shop and the Firefighters' Union Hall were committed during a continuous course of criminal conduct at each place, the murders were temporally, spatially, and motivationally related." *Nordstrom II*, 206 Ariz. 242, ¶ 16, 77 P.3d at 45. Consequently, the court concluded that "'any error as to the (F)(8) aggravator was harmless because we believe that no reasonable jury could have found differently than the trial judge.'" *Id., quoting State v. Tucker*, 205 Ariz. 157, ¶ 66, 68 P.3d 110, 122 (2003).

determination whether the mitigating circumstances are 'sufficiently substantial to call for leniency.'" *Id.* ¶ 27, *quoting* § 13-703(E). Consequently, the court vacated the death sentences and remanded the matter to the respondent judge "for resentencing by a jury under A.R.S. sections 13-703 and -703.01 (Supp. 2002)," *id.* ¶ 28, the statutes the legislature amended after the United States Supreme Court invalidated Arizona's capital sentencing scheme in *Ring II*. *See* 2002 Ariz. Sess. Laws 5th Spec. Sess., ch. 1, § 7; *State v. Viramontes*, 204 Ariz. 360, n.1, 64 P.3d 188, 189 n.1 (2003) (acknowledging amendments to death penalty statutes were in response to *Ring II*).

¶6        In December 2005, Nordstrom filed a pro se memorandum, which appointed counsel adopted and supplemented about a month later.[2] Nordstrom maintained in these memoranda that, based on the express terms of § 13-703.01, particularly subsections (N), (O), and (P), as well as Rule 19.1(c), Ariz. R. Crim. P., 17 A.R.S., he was "entitled to a full and fair aggravation resentencing proceeding where the state is required to prove [to a jury] any noticed aggravators beyond a reasonable doubt and where he can challenge, rebut, and defend against these noticed aggravators." In its response, real party in interest the State of Arizona asserted that, because the (F)(1) factor is exempt from the requirements of *Ring II* and because Nordstrom had conceded in his appeal in *Nordstrom II* that a resentencing on the (F)(1) factor was not required given our supreme court's decision in *Ring III*, *see Nordstrom II*, 202 Ariz. 242, ¶ 7, 77 P.3d at 43, the jury did not need to determine whether

---

[2]Apparently, the proceedings had been stayed pending the outcome of the "residual doubt" issues raised in *Oregon v. Guzek*, ___ U.S. ___, 126 S. Ct. 1226, 1231-32 (2006), which was then before the Supreme Court.

any aggravating circumstances existed. One factor, the state argued, rendered Nordstrom death eligible. The state conceded that, because some of the murder convictions were based on the felony-murder doctrine rather than premeditated murder, "a jury must find whether [Nordstrom] qualifies for the death penalty under the *Enmund-Tison* line of cases." *See Tison v. Arizona*, 481 U.S. 137, 107 S. Ct. 1676 (1987); *Enmund v. Florida*, 458 U.S. 782, 102 S. Ct. 3368 (1982).[3] It further conceded the jury must weigh the aggravating factors against any mitigating factors found and then determine whether Nordstrom should be sentenced to death.

¶7 After Nordstrom filed his reply and a hearing was held, the respondent judge adopted the state's proposed procedure for the sentencing trial. The respondent found that the aggravating factors under (F)(1), (F)(5), and (F)(8) "are inherent in the jury's verdict and thus were proven beyond a reasonable [doubt] to the original jury." The respondent further stated that the jury would be informed of the convictions, that counsel would then state generally that the aggravating factors under (F)(1), (F)(5), and (F)(8) exist, and that the jury was "to weigh mitigating factors against other facts and determine the sentence." Furthermore, the respondent ruled, the jury would conduct an *Enmund-Tison* analysis and "then proceed to the aforementioned mitigation phase and the weighing process." The

---

[3]These cases hold that a defendant cannot be sentenced to death for first-degree murder based on felony murder unless the defendant killed the victim, attempted to kill the victim, or intended that lethal force be employed, *Enmund v. Florida*, 458 U.S. 782, 797, 102 S. Ct. 3368, 3376 (1982), or was a major participant in the underlying felony and acted with reckless indifference to human life. *Tison v. Arizona*, 481 U.S. 137, 158, 107 S. Ct. 1676, 1688 (1987).

respondent judge set the case for a sentencing trial on January 17, 2007. Nordstrom filed this petition for special action, claiming he is entitled to a sentencing trial held in accordance with §§ 13-703 and 13-703.01 in which a jury must determine whether the aggravating circumstances alleged exist before considering any evidence in mitigation and determining whether he should be sentenced to death.

## SPECIAL ACTION JURISDICTION

**¶8** Special action jurisdiction is appropriate when the remedy by appeal is not equally plain, speedy, or adequate. Ariz. R. P. Spec. Actions 1(a), 17B A.R.S. Admittedly, Nordstrom could challenge by appeal any rulings relating to the upcoming sentencing trial after it has occurred. *See* A.R.S. § 13-4033(A)(3); *see State v. Schackart*, 190 Ariz. 238, 245, 947 P.2d 315, 322 (1997). "[T]he availability of an appeal[, however,] does not foreclose the exercise of this court's discretion to accept jurisdiction." *Ariz. Dep't of Pub. Safety v. Superior Court*, 190 Ariz. 490, 493, 949 P.2d 983, 986 (App. 1997). The remedy by appeal may be inadequate, such as here, where the sentencing trial would proceed in an incorrect manner. "[T]he issue raised here [might] recur in future cases, and judicial economy, not to mention the time and expense incurred by [conducting the trial incorrectly], is best served by addressing the issue now, while it is before us." *Sonoran Desert Investigations, Inc. v. Miller*, 479 Ariz. Adv. Rep. 7, ¶ 3 (Ct. App. June 2, 2006).

**¶9** Additionally, we are being asked to interpret and apply §§ 13-703 and 13-703.01. The interpretation and application of a statute is a question of law subject to this court's de novo review, and review of such issues by special action is particularly

appropriate. *See ChartOne, Inc. v. Bernini*, 207 Ariz. 162, ¶¶ 8, 14, 83 P.3d 1103, 1106-08 (App. 2004) (interpretation of state constitution and civil rule of procedure is question of law appropriately reviewed by special action). Moreover, given the number of cases that our supreme court remanded for resentencing in light of *Ring II* and the likelihood that the issues raised here or substantially similar issues will arise again, the meaning of these statutes and the scope of a resentencing hearing under them are "question[s] of statewide importance to the judiciary and the litigants who come before it in [criminal] matters." *Anderson v. Contes*, 212 Ariz. 122, ¶ 4, 128 P.3d 239, 241 (App. 2006); *see also O'Brien v. Escher*, 204 Ariz. 459, ¶ 3, 65 P.3d 107, 108 (App. 2003) (cases presenting purely legal issues of first impression and statewide importance and that could readily recur in other cases are particularly appropriate for special action review). For all of these reasons, we accept jurisdiction of this special action.

## DISCUSSION

¶10 As we previously stated, the legislature amended Arizona's death penalty statutes in 2002 in response to *Ring II*. *See* 2002 Ariz. Sess. Laws 5th Spec. Sess., ch. 1, §§ 1, 3. Effective August 1, 2002, the amended statutes require the trier of fact to find whether any aggravating circumstances alleged under § 13-703(F) exist and whether to impose the death penalty. §§ 13-703, 13-703.01. In this case, the state alleged the aggravating factors set forth in § 13-703(F)(1), (F)(5), and (F)(8). *See* ¶ 2, *supra*. Not only did the supreme court specify in *Nordstrom II* that Nordstrom is to be sentenced pursuant to the amended statutes, 206 Ariz. 242, ¶ 28, 77 P.3d at 46, but the legislature expressly

8

made the amended statutes applicable to all sentencings and resentencings conducted after August 1, 2002, the effective date of the statute. 2002 Ariz. Sess. Laws 5th Spec. Sess., ch. 1, §§ 3, 7(A). Moreover, neither Nordstrom nor the state disputes that the amended statutes apply to the upcoming sentencing trial.

**¶11** Nevertheless, insisting the respondent judge's ruling is correct, the state maintains that the aggravating circumstance under (F)(1) need not be decided by a jury, given the supreme court's decisions in *Ring III* and *Nordstrom II*, and Nordstrom's concession in *Nordstrom II* that a "resentencing on this aggravating factor is not required." *Nordstrom II*, 206 Ariz. 242, ¶ 7, 77 P.3d at 43. The state further claims that a new sentencing jury need not determine the (F)(5) factor because, as the court noted in *Nordstrom II*, Nordstrom admitted at the first sentencing hearing the state had proved beyond a reasonable doubt that he had committed the offenses for pecuniary gain. 206 Ariz. 242, ¶ 11, 77 P.3d at 44. And, as the state notes, based on the purported admission and the evidence the judge had heard, presumably at the first sentencing hearing, the supreme court had concluded that no reasonable jury could fail to find Nordstrom had committed the offenses for pecuniary gain. *Id*. ¶ 11. With respect to the factor in (F)(8), the state again relies on the supreme court's conclusion in *Nordstrom II* that "'no reasonable jury could have found differently than the trial judge'" did, given the evidence before it. 206 Ariz. 242, ¶ 16, 77 P.3d at 45, *quoting State v. Tucker*, 205 Ariz. 157, ¶ 66, 68 P.3d 110, 122 (2003).

**¶12** Nordstrom relies primarily on the statute to refute the state's contentions and the respondent judge's ruling. He also claims the respondent judge exceeded his authority

9

or is threatening to proceed in excess of his authority and has abused his discretion by essentially directing a verdict in favor of the state based, in part, on the respondent's conclusion that the (F)(1), (F)(5), and (F)(8) factors are inherent in the jury's verdicts on Nordstrom's guilt.

¶13 Section 13-703(A) provides that a person convicted of first-degree murder shall be sentenced in accordance with the procedures set forth in § 13-703.01. The latter statute describes two phases: the aggravation phase and the penalty phase. § 13-703.01(C), (D); *see also* Ariz. R. Crim. P. 19.1(c), (d), 17 A.R.S. (providing procedure for conducting "aggravation proceeding" and "penalty hearing" in capital cases). Subsection (C) of § 13-703.01 provides that the trier of fact that finds a defendant guilty of first-degree murder must then "immediately determine whether one or more alleged aggravated circumstances have been proven." Subsection (N) states, however, that, "[i]f the sentence of a person who was sentenced to death is overturned, the person shall be resentenced pursuant to this section by a jury that is specifically impaneled for this purpose as if the original sentencing had not occurred." And subsection (O) states:

> In any case that requires sentencing or resentencing in which the defendant has been convicted of an offense that is punishable by death and in which the trier of fact was a judge or a jury that has since been discharged, the defendant shall be sentenced or resentenced pursuant to this section by a jury that is specifically impaneled for this purpose.

Subsection (P) instructs that "[t]he trier of fact shall make all factual determinations required by this section or the Constitution of the United States or this state to impose a death sentence."

10

**¶14** We are asked to decide whether the respondent judge's order is a permissible implementation of the sentencing process required by §§ 13-703 and 13-703.01. "Our primary goal in construing a statute is to determine and give effect to the legislature's intent." *State v. Oaks*, 209 Ariz. 432, ¶ 10, 104 P.3d 163, 165 (App. 2004); *see also State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990). "'When a statute is clear and unambiguous, we apply its plain language and need not engage in any other means of statutory interpretation.'" *State v. Arellano*, No. CV-05-0397-SA, ¶ 9, 2006 WL 1412884, *3 (Ariz. May 24, 2006), *quoting Kent K. v. Bobby M.*, 210 Ariz. 279, ¶ 14, 110 P.3d 1013, 1017 (2005); *see also State v. Sepahi*, 206 Ariz. 321, ¶ 16, 78 P.3d 732, 735 (2003) ("[A] statute's language is the most reliable index of its meaning."). A statute is ambiguous "if there is uncertainty about the meaning or interpretation of [its] terms." *Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). We find the relevant language in these statutes plain and unambiguous, and the state does not argue otherwise. Therefore, in order to give effect to the legislature's intent, we must "apply [the statutes] as written." *Callan v. Bernini*, 475 Ariz. Adv. Rep. 28, ¶ 11 (Ct. App. Mar. 22, 2006).

**¶15** As we previously noted, our supreme court in *Nordstrom II* expressly directed that Nordstrom be resentenced pursuant to §§ 13-703 and 13-703.01 as amended in 2002. 206 Ariz. 242, ¶ 28, 77 P.3d at 46. The court did not limit in any way the sentencing jury's function to merely weighing the evidence in mitigation against the aggravating circumstances rather than fully performing its statutorily prescribed role. Such an approach essentially eliminates the aggravation phase of the sentencing proceeding required under § 13-

703.01(C) and allows Nordstrom only the penalty phase under § 13-703.01(D). It relieves the state of its statutory burden of proving to the jury beyond a reasonable doubt the aggravating circumstances alleged pursuant to §§ 13-703(F)(1), (F)(5), and (F)(8). The statutes plainly dictate that a capital defendant such as Nordstrom, whose sentence of death has been overturned on appeal, must be resentenced in accordance with §§ 13-703 and 13-703.01 "by a jury that is specifically impaneled for this purpose *as if the original sentencing had not occurred.*" § 13-703.01(N) (emphasis added). Nordstrom is entitled to be resentenced as if he were being sentenced under the statute for the first time, albeit that the sentencing jury is not the same jury that found him guilty of the offenses.

¶16  Nothing in the new statutory scheme permits a trial judge to direct a verdict against a defendant on alleged aggravating circumstances based on evidence presented at trial. Yet that is the practical effect of the respondent judge's ruling that the aggravating circumstances under (F)(1), (F)(5), and (F)(8) "are inherent in the jury's verdict and thus were proven beyond a reasonable [doubt] to the original jury." And, although *Ring III* addressed the issues raised there in the context of the constitutional requirements, the court held, in any event,  that "the pecuniary gain[, (F)(5),] and multiple homicide[, (F)(8),] aggravators usually are not implicit in a jury's verdict." 204 Ariz. 534, ¶ 74, 65 P.3d at 940. Furthermore, although the amended statute permits the state's proof in the aggravation phase to be "based on evidence that was presented at the trial or at the aggravation phase," § 13-703.01(E), the determination of whether the aggravating circumstances have been proven beyond a reasonable doubt is still for the trier of fact to make. *See* §§ 13-703(B), 13-

703.01(D), (P). Based on Nordstrom's request and the supreme court's directive in *Nordstrom II*, the trier of fact must be a jury. The statute provides no support for the notion that the judge may make these decisions based on evidence he or she heard either at the trial on guilt or innocence or during the aggravation phase of the sentencing trial.

¶17 The state relies heavily on the supreme court's decision in *Nordstrom II* for two propositions it claims support the respondent judge's order that the sentencing jury need not find the (F)(1) factor (prior conviction of an offense for which "life imprisonment or death was imposable"). First, the state correctly points out that, in *Nordstrom II*, the court acknowledged that "the (F)(1) aggravating factor falls outside the *Ring II* mandate." 206 Ariz. 242, ¶ 17, 77 P.3d at 45. Specifically, the state relies on the court's statement that "the Sixth Amendment does not require a jury to determine the existence of an (F)(1) factor." *Id*. ¶ 6. That statement was based on the supreme court's decision in *Ring III*. *Id.; see also Ring III*, 204 Ariz. 534, ¶ 55, 65 P.3d at 937. But *Ring III* and the portion of *Nordstrom II* on which the state relies merely addressed the constitutional requirements under the Sixth Amendment right to a jury trial, not the requirements of Arizona's new statutory scheme for capital sentencing. Although these authorities unequivocally establish that the federal constitution does not guarantee a defendant the right to have a jury determine the existence of an aggravating circumstance under (F)(1), nothing in § 13-703 or § 13-703.01 exempts the state from proving that circumstance to a jury. To the contrary, the legislature has specifically required a jury to make any "factual determinations required

13

by *this section or the Constitution of the United States* or this state to impose a death sentence." § 13-703.01(P) (emphasis added).

¶18    Second, the state also insists Nordstrom waived the right to have a jury decide the existence of the (F)(1) factor, relying, in part, on the portion of *Nordstrom II* in which our supreme court acknowledged that waiver. The court stated:

> Other than arguing that a jury must find all aggravating factors, an argument we rejected in *Ring III*, 204 Ariz. at 552-55, ¶¶ 44-52, 65 P.3d at 933-36, Nordstrom concedes that under our decision in *Ring III*, "remand for resentencing on this aggravating factor is not required." Accordingly, we will not disturb the trial court's finding that the (F)(1) aggravating factor was proven.

206 Ariz. 242, ¶ 7, 77 P.3d at 43. But, as Nordstrom clarified during oral argument in this special action, that concession must be viewed in the context in which it was made—addressing the question of what was constitutionally required. In light of the court's decision in *Ring III* and the United States Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 1222 (1998), Nordstrom had no choice but to concede that issue. He made no such concession about a new statutory scheme that had not yet been applied to him.

¶19    Accordingly, we reject the state's claim that the (F)(1) factor is exempt from the statute's requirement that the trier of fact determine the existence of all aggravating circumstances. § 13-703.01(P). It follows that we necessarily reject the state's related contention that, because the respondent judge could and did make the finding on that circumstance, "there is no need for an aggravation phase and the trial court can conduct a

14

penalty phase." If the state wants the jury to consider an aggravating circumstance in sentencing a defendant, our current statutory scheme requires the jury to find it exists.

¶20 We similarly reject the state's argument that Nordstrom waived any claim on the (F)(5) circumstance when he admitted at the first sentencing hearing that the state had "proved the pecuniary gain aggravating factor beyond a reasonable doubt." *Nordstrom II*, 206 Ariz. 242, ¶ 11, 77 P.3d at 44. The court in *Nordstrom II* added, "[i]n *Ring III*, we held that when a 'defendant stipulates, confesses or admits to facts sufficient to establish an aggravating circumstance, we will regard that factor as established.'" 206 Ariz. 242, ¶ 11, 77 P.3d at 44, *quoting Ring III*, 204 Ariz. 534, ¶ 93, 65 P.3d at 944. The court consequently concluded, "no reasonable jury, hearing the same evidence as the judge, could find that Nordstrom did not commit the murders for pecuniary gain. Accordingly, any *Ring II* violation was harmless beyond a reasonable doubt." 206 Ariz. 242, ¶ 11, 77 P.3d at 44. Nordstrom's admission, however, had been made only as to the sufficiency of the evidence to support the respondent judge's finding that he had committed the offense for pecuniary gain, an aggravating circumstance under (F)(5). Nordstrom did not concede that a jury would make the same finding. More importantly, he did not waive the right under the statute to have a jury make that decision, nor could he have, given that the statute did not exist when Nordstrom was sentenced. *Cf. State v. Brown*, 212 Ariz. 225, ¶¶ 14-18, 129 P.3d 947, 951 (2006) (pre-*Blakely* waiver of jury trial did not waive the right to a jury determination of aggravating circumstances).

**¶21**    Finally, we reject the state's suggestion that, because the court in *Nordstrom II* found harmless beyond a reasonable doubt the fact that a judge, rather than a jury, had decided whether the alleged aggravating circumstances existed, that finding has a conclusive, if not preclusive, effect on the future sentencing proceeding to be held pursuant to the statutes.  Again, the court's finding must be viewed in the constitutional context in which it was made—examining what the Sixth Amendment does or does not require.

**¶22**    As it did with all pending cases in which a judge rather than a jury had determined the existence of the aggravating circumstances under § 13-703, the court conducted a harmless error review in *Nordstrom II*.  206 Ariz. 242, ¶¶ 3, 19, 13, 77 P.3d at 42, 44.  That review was conducted for the sole purpose of determining whether the case had to be remanded for resentencing in light of the constitutional violations, nothing more. Nothing in *Nordstrom II* suggests that repeating those sentencing errors, however harmless, would be acceptable in the event the case were remanded for resentencing as this case was. To the contrary, the court vacated the sentences on the murder convictions and remanded the case for resentencing pursuant to §§ 13-703 and 13-703.01.  206 Ariz. 242, ¶ 28, 77 P.3d at 46. It neither qualified its order of remand nor limited in any respect the scope of the future sentencing proceeding to be conducted under the amended statute.  And, based on the plain language of the statute, the resentencing must proceed as if Nordstrom had never been sentenced before.  *See* § 13-703.01(N).

**¶23**    We find the respondent judge "has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority" and grant special action relief.  *See*

16

Ariz. R. P. Spec. Actions 3(b). Therefore, we grant relief by reversing the respondent judge's April 17, 2006, order on the scope of the sentencing proceeding and direct the respondent to conduct the proceeding in a manner consistent with §§ 13-703 and 13-703.01.

_____
JOSEPH W. HOWARD, Presiding Judge

CONCURRING:

_____
JOHN PELANDER, Chief Judge

_____
PETER J. ECKERSTROM, Judge