148 P.3d 1164

Robin Lynn ROBBINS, Petitioner,

v.

The Honorable Warren R. DARROW, Judge of the Superior Court of the State of Arizona, in and for the County of Yavapai, Respondent Judge,

State of Arizona, Real Party in Interest.

No. 1 CA–SA 06–0195.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 19, 2006.

---

Aspey Watkins & Diesel PLLC, By Bruce S. Griffen, Flagstaff, Attorneys for Petitioner.

Sheila Polk, Yavapai County Attorney By Joseph C. Butner, III, Deputy County Attorney, Prescott, Attorneys for Real Party in Interest.

## OPINION

NORRIS, Judge.

¶ 1 This special action arises out of an order entered by the superior court denying a motion by petitioner, Robin Lynn Robbins, to preclude the jury panel from hearing allegations that Robbins had prior convictions for driving under the influence (DUI). The issue we must decide is whether, in a misdemeanor prosecution under Arizona Revised Statutes (A.R.S.) section 28–1381 (2004), the existence of a prior DUI conviction is an element of the offense created by that statute, or instead, is a sentencing enhancer. We hold it is a sentencing enhancer, not an element.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 On December 31, 2004, shortly after 9:00 a.m., police responded to a multiple-vehicle collision involving several fatalities. Robbins, who was the driver of one of the vehicles, was subsequently indicted on and charged with several felonies, including second-degree murder and possession of dangerous drugs. He was also charged with two misdemeanor DUI offenses in violation of A.R.S. § 28–1381(A)(1) and (3).[1] The misdemeanor DUI charges included allegations that Robbins had prior DUI convictions.

¶ 3 Before trial, the parties agreed on a statement of the case that would be read to the jurors. The statement included a brief summary about the accident and described the charges against Robbins, as set out in the indictment.

¶ 4 Jury selection began on September 19, 2006. Because of space limitations, the superior court decided to empanel a morning and an afternoon jury panel. As the parties had agreed, the statement of the case was read to the morning jury panel, and it was told Robbins had been charged with

> [t]wo counts driving under the influence having previously been convicted of driving under the influence within a period of sixty months.

¶ 5 During the morning voir dire, several jurors stated they could not be impartial because of Robbins' alleged prior DUI convictions. The court excused those jurors.

¶ 6 Before voir dire of the morning panel could be completed, Robbins' counsel informed the court that he believed telling the jurors about the alleged prior DUI convictions was prejudicial and constituted error. Counsel asked the court to delete the reference to the alleged prior DUI convictions from the statement of the case. The court agreed and did not mention the alleged prior DUI convictions to the afternoon jury panel. At the end of the day, the court ordered the remaining jurors from both panels to report to the court the next morning so the court could complete the voir dire process and seat the jury.

¶ 7 The next day, before the court reconvened with the jurors present, defense counsel moved to preclude any mention of, or evidence concerning, the alleged prior DUI convictions to the jury. Pursuant to Arizona Rule of Criminal Procedure 19.1(b), he also

---

1. The provisions of A.R.S. § 28–1381(A)(1), (3) state:

 A. It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:

 1. While under the influence of any intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.

 3. While there is any drug defined in § 13–3401 or its metabolite in the person's body.

moved to have the alleged prior DUI convictions tried separately. Rule 19.1(b) establishes the procedures that must be followed when a defendant is charged with a prior conviction. Unless the prior conviction is an "element of the crime charged," [2] the rule bars any mention of the prior conviction at trial except as permitted by the rules of evidence.

¶ 8 The superior court denied the motions. But, it stated it would give the jurors the following limiting instruction:

> If evidence is introduced of a prior misdemeanor DUI conviction, such evidence would be admitted solely in connection with whether the State may meet its burden of proof concerning any such prior misdemeanor conviction as an element of the current Misdemeanor DUI allegation. Any such evidence of a prior Misdemeanor DUI conviction must not be considered by the jury to prove the character of the defendant or to show that he committed any other elements of the offenses charged.

¶ 9 Robbins disagreed with the court's handling of the matter and requested a stay of the proceedings. With the State's agreement, the superior court stayed the case for two days so Robbins could seek special action relief from this court.

¶ 10 Before the superior court's stay expired, Robbins petitioned this court for special action relief. In his petition, Robbins argued a prior DUI conviction was not an element of the offense established in § 28–1381, and therefore, Rule 19.1(b) applied. On Robbins' motion and over the State's objection, we stayed all proceedings before the jury.[3] After accelerated briefing, we accepted jurisdiction, vacated the superior court's denial of Robbins' motions, and stated that the existence of a prior DUI conviction was not an element of the § 28–1381 offense. We ordered the court to dismiss all jurors who had been informed of the prior DUI

allegations and to preclude the State from introducing, in its case-in-chief, evidence concerning the prior DUI allegations "under the theory that these convictions constitute an element of the offense as set forth in § 28–1381," with this opinion to follow.

## SPECIAL ACTION JURISDICTION

¶ 11 We accepted special action jurisdiction in this case for two reasons. First, the issue raised by Robbins may recur in future cases, "and judicial economy, not to mention the time and expense incurred by [conducting the trial incorrectly], is best served by addressing the issue now, while it is before us." *Nordstrom v. Cruikshank*, 213 Ariz. 434, 438, ¶ 9, 142 P.3d 1247, 1251 (App. 2006) (quoting *Sonoran Desert Investigations, Inc. v. Miller*, 213 Ariz. 274, 276, ¶ 3, 141 P.3d 754, 756 (App.2006)).

¶ 12 Second, the issue presented here requires us to interpret A.R.S. § 28–1381 and to decide whether a prior DUI conviction is an element of the offense set out in that statute.[4] The interpretation of a statute is a question of law that we review de novo. Special action jurisdiction is particularly appropriate in this type of situation. *E.g., Nordstrom*, 213 Ariz. at 438, ¶ 9, 142 P.3d at 1251; *ChartOne, Inc. v. Bernini*, 207 Ariz. 162, 166, ¶ 8, 83 P.3d 1103, 1107 (App.2004).

## DISCUSSION

¶ 13 Relying on the language of A.R.S. § 28–1381, Robbins asserts that a prior conviction is not an element of the offense established by that statute, but instead is a sentence enhancer. The State, also relying on the language of the statute, asserts the legislature intended § 28–1381 to create two separate and distinct DUI offenses—one that does not require proof of a prior conviction as an element, and one that does. Accordingly, under the State's interpretation of the statute, in a trial for a second DUI offense, as is the case here, a prior DUI conviction is

---

2. An "element" of a crime is defined as a constituent part of a crime that must be proven by the prosecution in order to sustain a conviction of the crime charged. *State v. Geschwind*, 136 Ariz. 360, 362, 666 P.2d 460, 462 (1983).

3. We did not stay any non-jury proceedings.

4. We examine the version of § 28–1381 in force in 2004. Although the statute has been amended since that time, we note that the relevant provisions remain unchanged.

an element of the crime, which must be tried and found by the jury.

¶ 14 We have closely examined the language of A.R.S. § 28–1381. We have done so because in construing statutes, it is our obligation to determine and give effect to the legislature's intent. *State v. Oaks,* 209 Ariz. 432, 434, ¶ 10, 104 P.3d 163, 165 (App.2004). When a statute is clear and unambiguous, "we apply its plain language and need not engage in any other means of statutory interpretation." *Kent K. v. Bobby M.,* 210 Ariz. 279, 283, ¶ 14, 110 P.3d 1013, 1017 (2005); *see also State v. Sepahi,* 206 Ariz. 321, 324, ¶ 16, 78 P.3d 732, 735 (2003) (statutory language "is the most reliable index of its meaning.").

¶ 15 In our view, the language of A.R.S. § 28–1381 is clear: a prior conviction is not an element of the underlying offense. Instead, as Robbins argues, a defendant's prior DUI conviction is a sentence enhancer; that is, a factor that increases the punishment.

¶ 16 Subsection A of the statute sets out the elements the State must prove in order to obtain a conviction. *See supra* notes 1, 2. Subsection C states that a violation of § 28–1381(A) is a class 1 misdemeanor. Of critical significance to the question raised here is subsection E. That subsection requires the State to allege prior convictions under § 28–1381 and other DUI statutes for the purpose of classification[5] and sentencing. Subsection E states:

> In any prosecution for a violation of this section, the state shall allege, *for the purpose of classification and sentencing pursuant to this section,* all prior convictions

of violating this section, § 28–1382 or § 28–1383 occurring within the past thirty-six months, unless there is an insufficient legal or factual basis to do so.

(Emphasis added.)

¶ 17 Subsections I and K provide the penalties for violation of the offense set out in subsection A. Subsection I provides the penalties for violations of the statute *without* a prior DUI conviction. Subsection K mandates enhanced penalties if, "within a period of sixty months,"[6] a person is convicted of a second violation of A.R.S. § 28–1381, or is convicted of a violation of § 28–1381 and has been previously convicted of a violation of another DUI statute.[7]

¶ 18 The State argues that because subsection E states that the State "shall allege" prior DUI convictions, the prior convictions serve as elements of the offense. We disagree. First, the "shall allege" language is tied to a specific purpose: "for the purpose of classification and sentencing." The "shall allege" language does not transform a prior DUI conviction into an element of the offense established in the statute. Second, the State's interpretation has essentially been rejected by the Arizona Supreme Court in *State ex rel. Collins v. Udall (Flood),* 149 Ariz. 199, 717 P.2d 878 (1986).

¶ 19 In *Flood,* the defendant was charged with driving while under the influence of intoxicating liquor, with two prior convictions for the same offense within 60 months. There, as here, the issue before the court was whether the two prior DWI convictions

---

**5.** "Classification" refers to the designation of an offense as a felony or misdemeanor. *See, e.g.,* § 28–1381(C) ("A person who is convicted of a violation of this section is guilty of a class 1 misdemeanor.").

**6.** The current version of § 28–1381 lengthens this period to eighty-four months.

**7.** Subsection K establishes penalties relating to jail time, fines, community service, and loss of driver's license:

> K. If within a period of sixty months a person is convicted of a second violation of this section or is convicted of a violation of this section and has previously been convicted of a violation of § 28–1382 or 28–1383 or an act in another jurisdiction that if committed in this

state would be a violation of this section or § 28–1382 or 28–1383, the person:
> 1. Shall be sentenced to serve not less than ninety days in jail, thirty days of which shall be served consecutively, and is not eligible for probation or suspension of execution of sentence unless the entire sentence has been served.
> 2. Shall pay a fine of not less than five hundred dollars.
> 3. May be ordered by a court to perform community service.
> 4. Shall have the person's driving privilege revoked for one year.
> . . . .
> 5. Shall pay an additional assessment of one thousand two hundred fifty dollars to . . . the prison construction and operations fund. . . .

were elements of a separate or distinct crime. Construing A.R.S. §§ 28–692 and 28–692.01 (1997), the two statutes that, as discussed below, together served as the original version of A.R.S. § 28–1381, the court held that a prior DWI conviction was not an element of the offense; therefore, a bifurcated trial was required under the then-current version of Rule 19.1(b). The court reasoned as follows:

> [Arizona Revised Statutes section] 28–692(A) defines the offense and makes it unlawful "for any person who is under the influence of intoxicating liquor to drive or be in actual physical control of any vehicle within this state." Once a conviction for violation of § 28–692 occurs, the punishment provisions of § 28–692.01 come into play. The applicable subsection, § 28–692.01(F), reads in pertinent part:
>
>> If a person is convicted of a third or subsequent violation of § 28–692 within a period of sixty months, the person is guilty of a class 5 felony and shall not be eligible for probation, pardon, parole....
>
> (emphasis supplied). The classification of a DWI offense as a class five felony under § 28–692.01(F) is conditioned on conviction under A.R.S. § 28–692. *The prior conviction is not an element of the basic offense, but a prior conviction does increase the penalty for that offense.*

*Id.* at 200, 717 P.2d 878 (final emphasis added).

¶ 20 The State argues *Flood* is not controlling because the statutes at issue there were different from the current statute. This argument misapprehends the evolution of § 28–1381.

¶ 21 In 1995, the legislature repealed and rewrote all of title 28. 1995 Ariz. Sess. Laws, ch. 132, §§ 1–12. The statutes construed in *Flood* were replaced by § 28–2881 (replacing § 28–692) and § 28–2882 (replacing § 28–692.01). 1995 Ariz. Sess. Laws, ch. 132, § 3. Except for minor changes irrelevant here, the replacing statutes were identical to the replaced statutes. Tracking § 28–692, § 28–2881 defined the offense, that is, specified the elements of the offense, and required the State to allege prior DUI convictions for classification and sentencing; tracking § 28–692.01, § 28–2882 established the classification and penalties for the offense and increased those penalties if the defendant had a prior DUI conviction.

¶ 22 Before the replacement statutes could become effective, the legislature made additional amendments to Title 28 and renumbered the replacement statutes. 1996 Ariz. Sess. Laws, ch. 76, § 3. Section 28–2881 (which had been § 28–692) became A.R.S. § 28–1381, and § 28–2882 (which had been § 28–692.01) became A.R.S. § 28–1382. *Id.* The renumbered statutes, which became effective on October 1, 1997,[8] were in all relevant respects identical to the replacement statutes, §§ 28–2881 and 28–2882, which, in turn were in all relevant respects identical to §§ 28–692 and 28–692.01, the statutes construed in *Flood.*[9]

¶ 23 In 1998, the legislature repealed § 28–1382. 1998 Ariz. Sess. Laws, ch. 302, § 22. But, it amended § 28–1381 and inserted the classification and sentencing provisions that had been in § 28–1382 into § 28–1381.[10] 1998 Ariz. Sess. Laws, ch. 302, § 21. Section 28–1381 continued to define the elements of the offense and continued to require the

---

8. The effective date for the repeal of title 28 and implementation of the rewritten title was extended from the original date of January 1, 1997 to October 1, 1997. *See* 1996 Ariz. Sess. Laws, ch. 76, § 306.

9. Compare § 28–692(D), which stated, "In any prosecution for a violation of subsection A or B of this section the state shall, *for the purpose of classification* and sentencing pursuant to § 28–692.01, allege all prior convictions of violating subsection A or B of this section occurring within the past thirty-six months, unless there is clearly an insufficient legal or factual basis to do so[,]" with, as originally enacted, § 28–1381(E):

"In any prosecution for a violation of this section, the state shall allege, *for the purpose of classification and sentencing* pursuant to section 28–1382, all prior convictions of violating this section occurring within the past thirty-six months, unless there is clearly an insufficient legal or factual basis to do so." (Emphasis added.)

10. The legislature then added a new § 28–1382, which created the offense of driving under the "extreme influence" of alcohol. 1998 Ariz. Sess. Laws, ch. 302 § 23.

state to allege—for purposes of classification and sentencing—prior DUI convictions, and as amended, it established the classification of and the penalties for its violation and increased those penalties if the defendant had a prior DUI conviction.

¶ 24 Section 28–1381 is, thus, the direct descendent of §§ 28–692 and 28–692.01. Although our supreme court construed "different" statutes in *Flood*, those differences are immaterial. The court's construction of §§ 28–692 and 28–692.01 applies to § 28–1381: "The prior conviction is not an element of the basic offense, but a prior conviction does increase the penalty for that offense." *Flood*, 149 Ariz. at 200, 717 P.2d at 879. For these reasons, we hold a prior conviction is not an element of an offense under A.R.S. § 28–1381. Accordingly, under Rule 19.1(b), the jury panel should not have been told about Robbins' alleged prior DUI convictions.

### WAIVER

¶ 25 The State argues Robbins waived his right to object to having the statement of the case read to the jury because he agreed to it. Under the circumstances presented here, we see no waiver.

¶ 26 Defense counsel caught the issue early in the case—well before voir dire was completed. He brought it to the superior court's attention, and the court took immediate steps to ensure the afternoon jury panel would not hear about the alleged prior DUI convictions. Although Robbins' counsel should have analyzed the wording of A.R.S. § 28–1381 earlier, he raised the issue sufficiently early in the case to avoid significant delay and prejudice to the State. The case proceeded with only minimal interruption in jury selection. *See supra* note 3.

### CONCLUSION

¶ 27 For the foregoing reasons, we hold a prior DUI conviction is not an element of an offense under A.R.S. § 28–1381, but rather is a sentencing enhancer. Thus, the superior court should have granted Robbins' motions to preclude any mention of the alleged prior

DUI convictions to the jury and to try the case in accordance with Rule 19.1(b).

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge and JOHN C. GEMMILL, Judge.