IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JUL 25 2012

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,            )    2 CA-SA 2012-0032
                                 )    DEPARTMENT A
                    Petitioner,  )
                                 )    O P I N I O N
        v.                       )
                                 )
HON. DEBORAH BERNINI, Judge of the )
Superior Court of the State of Arizona, in and )
for the County of Pima,          )
                                 )
                    Respondent,  )
                                 )
        and                      )
                                 )
JOEL AGUSTIN LOPEZ,              )
                                 )
            Real Party in Interest. )
                                 )

SPECIAL ACTION PROCEEDING

Pima County Cause No. CR20112604001

JURISDICTION ACCEPTED; RELIEF GRANTED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                        Tucson
                                          Attorneys for Petitioner

Lori J. Lefferts, Pima County Public Defender
  By Brian R. Decker                                       Tucson
                                    Attorneys for Real Party in Interest

H O W A R D, Chief Judge.

¶1        The State of Arizona petitions this court for special action review of the respondent judge's order dismissing its allegation that real-party-in-interest Joel Lopez is not eligible for probation pursuant to A.R.S. § 13-901.01, commonly known as Proposition 200. *See State v. Estrada*, 201 Ariz. 247, ¶ 2, 34 P.3d 356, 358 (2001). For the reasons that follow, we accept jurisdiction and grant relief.

**Procedural Background**

¶2        Lopez was indicted for possession of a narcotic drug and possession of drug paraphernalia. The state filed an allegation that he was ineligible for probation under Proposition 200 because he previously had been convicted of aggravated assault on a peace officer. Lopez moved to dismiss that allegation, asserting that, pursuant to *State v. Joyner*, 215 Ariz. 134, 158 P.3d 263 (App. 2007), the determination of whether a prior conviction was a violent crime was limited to the elements of the offense and that aggravated assault on a peace officer was not necessarily a violent crime as contemplated by A.R.S. §§ 13-901.01 and 13-901.03 because it could be committed without using a weapon or causing physical injury.

¶3        The state responded that Lopez previously had pled guilty to aggravated assault on a peace officer as a class five felony. The state pointed out that, pursuant to the aggravated assault statute in effect at the time of that offense, A.R.S. § 13-1204,[1] aggravated assault of a peace officer that did not cause physical injury was a class six

---

[1] We refer throughout this decision to the version of the aggravated assault statute in effect at the time Lopez committed that offense. *See* 2005 Ariz. Sess. Laws, ch. 166, § 3.

2

felony but aggravated assault on a peace officer causing physical injury was a class five felony. Thus, the state reasoned, because Lopez had pled guilty to a class five felony, he necessarily had pled guilty to causing physical injury to a peace officer. The state also argued the trial court could consider "conclusive records made at the time of conviction" to determine whether Lopez's previous offense was a violent crime. The respondent judge granted Lopez's motion, concluding Lopez's aggravated assault conviction does "not necessarily establish that [he] committed a 'violent crime' under A.R.S. § 13-901.01(B)" and, thus, "[p]ursuant to the opinion of the Court of Appeals in *State v. Joyner* . . . , [Lopez] is eligible for mandatory probation on his new drug charges pursuant to A.R.S. § 13-901.01."

**Jurisdiction**

¶4        "Whether to accept special action jurisdiction is for this court to decide in the exercise of our discretion." *Potter v. Vanderpool*, 225 Ariz. 495, ¶ 6, 240 P.3d 1257, 1260 (App. 2010). Special action review is not available "where there is an equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Actions 1(a). We agree with the state that, given the current status of the law, it is not clear whether it has a remedy by appeal. Specifically, although A.R.S. § 13-4032(5) permits the state to appeal from an illegal sentence or a "sentence imposed . . . other than the presumptive," a trial court's incorrect decision to strike a sentencing allegation before trial does not result in an illegal sentence, *see State ex rel. McDougal v. Crawford*, 159 Ariz. 339, 339-42, 767 P.2d 226, 226-29 (App. 1989), and it is not clear whether the imposition of probation would constitute a "sentence" as contemplated by § 13-4032(5), *compare Pickett v. Boykin*, 118

3

Ariz. 261, 262, 576 P.2d 120, 121 (1978) ("Probation is not a sentence but rather a feature of the suspension of imposition of sentence.") *and State v. Hensley*, 201 Ariz. 74, ¶ 20, 31 P.3d 848, 853 (App. 2001) (trial court's termination of Proposition 200 probation "illegal sentence" permitting appellate court to address issue sua sponte) *with State v. Falco*, 162 Ariz. 319, 321, 783 P.2d 258, 260 (App. 1989) ("[W]hen used in the context of [the rules governing post-verdict proceedings] . . . , the term 'sentence' does include probation.").

**¶5**         But we ultimately need not resolve that question. "[T]he availability of an appeal does not foreclose the exercise of this court's discretion to accept jurisdiction." *Ariz. Dep't of Pub. Safety v. Superior Court*, 190 Ariz. 490, 493, 949 P.2d 983, 986 (App. 1997). That the state's remedy by appeal is not "equally plain" compared to its remedy by special action justifies our discretionary decision to accept jurisdiction here. Ariz. R. P. Spec. Actions 1(a). Further, the question presented here is purely legal, and the state asserts without contradiction by Lopez that "this issue has arisen at least twice in the last several months." *See State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002) ("Special action jurisdiction is appropriate in matters of statewide importance, issues of first impression, cases involving purely legal questions, or issues that are likely to arise again."), *aff'd*, 205 Ariz. 279, 69 P.3d 1000 (2003). Accordingly, in our discretion, we accept jurisdiction of the state's special action.

**Discussion**

¶6 Special action relief is appropriate if the respondent judge has abused her discretion by committing an error of law or proceeding in excess of her legal authority. *See* Ariz. R. P. Spec. Actions 3; *Potter*, 225 Ariz. 495, ¶¶ 5-6, 240 P.3d at 1259-60.

¶7 Pursuant to § 13-901.01, "any person who is convicted of the personal possession or use of a controlled substance or drug paraphernalia is eligible for probation" unless that person "has been convicted of or indicted for a violent crime as defined in § 13-901.03." Section 13-901.03(B) defines a "violent crime" as "any criminal act that results in death or physical injury or any criminal use of a deadly weapon or dangerous instrument." In *State v. Joyner*, this court concluded that the determination whether a previous conviction constituted a violent crime under § 13-901.01 should be based on the elements of that offense and that consideration of the offense's underlying facts generally is improper.[2] 215 Ariz. 134, ¶¶ 14-15, 158 P.3d at 268-69. The purpose of this rule, as explained in *Joyner*, is to protect a defendant's due process rights and to avoid "'what is, in effect, a second trial on [a] defendant's prior conviction to establish the existence' of a sentencing factor." *Id.* ¶¶ 12, 15, *quoting State v. Gillies*, 135 Ariz. 500, 511, 662 P.2d 1007, 1018 (1983) (alteration in *Joyner*).

---

[2]In *Joyner* we suggested that examination of "'conclusive records made or used in adjudicating guilt'" might be proper in determining whether a previous conviction constituted a violent offense. 215 Ariz. 134, ¶ 26, 158 P.3d at 272, *quoting Shepard v. United States*, 544 U.S. 13, 21 (2005). We declined to resolve that question, however, because "none of the documents suggested by the state [met] that standard." *Id.* Because we determine the elements test described in *Joyner* requires the conclusion that Lopez's previous offense was violent, we need not reach the state's argument that we should adopt the procedure outlined in *Joyner* for the consideration of other records.

¶8        We agree with the state that, in light of its allegation that Lopez's previous conviction for aggravated assault on a peace officer was a class five felony,[3] that offense clearly is a violent crime as defined by § 13-901.03(B). Section 13-1204(A)(5) states that a person commits aggravated assault if the person commits assault pursuant to A.R.S. § 13-1203 "knowing or having reason to know that the victim is a peace officer." Section 13-1204(B) provides that aggravated assault pursuant to subsection (A)(5) is a class six felony, and subsection (C) states that aggravated assault under subsection (A)(5) is a class five felony if it "result[s] in any physical injury to a peace officer while the officer is engaged in the execution of any official duties." Thus, the allegation that Lopez committed the class five felony of aggravated assault on a peace officer necessarily means that Lopez's assault resulted in physical injury and the offense therefore constitutes a violent crime pursuant to § 13-901.03(B).

¶9        Lopez argues, however, that *Joyner* "requires the court to look to th[e] statutory elements, and no further," arguing that § 13-1204(C) does not describe an element of an offense, but instead "enumerates additional facts that would subject the defendant to an enhanced sentence if found." Lopez cites no authority supporting his

---

[3]We recognize the state's allegation of Lopez's ineligibility for probation did not expressly state he had been convicted of aggravated assault of a peace officer as a class five felony. But the state made the nature of its allegation clear in its response to Lopez's motion to dismiss, and nothing in the respondent judge's ruling suggests she did not consider the state's assertion in its response or granted Lopez's motion based on any arguable lack of completeness of the state's allegation. Nor does Lopez assert in his response filed in this court that we should deny relief on that basis, instead arguing the respondent was not permitted to consider the offense's classification because it did not constitute an element of the offense.

position that a statutory subsection that changes an offense's felony classification based on proof of some additional fact or facts is not an element of the offense as contemplated by *Joyner*. Nor do we find that approach to be consistent with Arizona law.

¶10 Generally speaking, an element of a crime is "a constituent part of a crime that must be proven by the prosecution in order to sustain a conviction of the crime charged." *Robbins v. Darrow*, 214 Ariz. 91, n.2, 148 P.3d 1164, 1166 n.2 (App. 2006). In the context of determining whether multiple convictions violate double jeopardy, courts apply an elements-only test similar to that described in *Joyner*. *See State v. Ortega*, 220 Ariz. 320, ¶ 9, 206 P.3d 769, 772-73 (App. 2008).[4] In doing so, courts have drawn a distinction between elements and sentencing factors. *See id.* ¶ 15; *see also State v. Eagle*, 196 Ariz. 188, ¶ 17, 994 P.2d 395, 399 (2000) (reduction of felony class for release of victim in kidnapping statute "is a mitigating factor relevant solely for sentencing purposes," not element of offense). Thus, when an offense incorporates "other subsections [that] classify the offense based upon additional factors which, if proven, increase or decrease the severity of the offense," the court must determine "whether the additional factors constitute elements of the offense or are sentencing factors authorized by the jury's verdict." *Ortega*, 220 Ariz. 320, ¶ 15, 206 P.3d at 774. Relevant to this determination is whether those additional factors provide for "'steeply higher penalties'" and are conditioned on "'further facts (injury, death) that seem quite as

---

[4]In the context of double jeopardy, each offense must have a distinct element—that is, one offense cannot be the lesser-included offense of another. *See Ortega*, 220 Ariz. 320, ¶ 9, 206 P.3d at 772-73. But cases addressing that question nonetheless provide guidance in determining what constitutes an element of an offense.

important as the elements in the principal paragraph.'" *Id.* ¶ 18, *quoting Jones v. United States*, 526 U.S. 227, 233 (1999).

**¶11** In *Ortega*, this court determined the victim's age is an element of sexual conduct with a minor because "the specific age of a victim is the type of fact usually treated as an element of a crime," and whether the victim was under fifteen years of age dramatically affected the sentence imposed. *Id.* ¶ 20. Conversely, in *Robbins*, this court concluded that a previous conviction for driving under the influence was not an element of a subsequent charge for driving under the influence, despite the fact it would provide for an increased sentence, because the relevant statute expressly described an allegation of a prior conviction as being "'for the purpose of classification and sentencing.'" 214 Ariz. 91, ¶¶ 15-16, 148 P.3d at 1167, *quoting* A.R.S. § 28-1381(E) (emphasis omitted).

**¶12** Applying the reasoning in *Ortega* here, whether an offense causes or risks injury is typically an element of an offense. *See, e.g.,* A.R.S. §§ 13-1201(A) (unlawful to endanger person causing "substantial risk of . . . physical injury"); 13-1203(A)(1) (unlawful to cause "any physical injury to another person"); 13-1204(A)(1) (aggravated assault when "person causes serious physical injury to another"); 13-2308.01(A)(10) (unlawful to "[c]ause injury to another person by means of an infectious biological substance or a radiological agent"); 13-2910(A)(3) (unlawful to "inflict[] unnecessary physical injury to any animal"). And, in the context of aggravated assault on a peace officer, causing injury increases the punishment by changing the felony classification.[5]

---

[5]Pursuant to the version of A.R.S. § 13-702 in effect at the time of Lopez's commission of aggravated assault, a class six felony had a sentencing range of six months

*See* § 13-1204(B), (C). And, unlike in *Robbins*, nothing in the aggravated assault statute's plain language suggests the legislature intended § 13-1204(C) to be limited to classification of the offense and sentencing.[6] This analysis leads us to conclude that physical injury is an element of the offense Lopez is alleged to have committed—the class five felony of aggravated assault on a peace officer.

**¶13**    Finally, we observe that even if § 13-1204(C) technically did not define an element of the offense, considering it in determining whether Lopez's previous conviction was for a violent crime for the purposes of § 13-901.01 does not present any of the evils that *Joyner* sought to avoid. There is no reason for the trial court to engage in additional fact-finding that could jeopardize a defendant's due process rights. *See Joyner*, 215 Ariz. 134, ¶¶ 12, 15, 158 P.3d at 268-69.

---

to 1.5 years and a class five felony nine months to two years. 2004 Ariz. Sess. Laws, ch. 174, § 1. We acknowledge that this increase is not as great as the one discussed in *Ortega*, but it is not insignificant, and we find no basis to conclude that sole fact must mean that § 13-1204(C) does not describe an element of an offense. *See Ortega*, 220 Ariz. 320, ¶ 18, 206 P.3d at 774.

[6]Even assuming Lopez is correct that § 13-1204(C) is fairly characterized as nothing more than a sentencing provision, our supreme court recently has observed that "[a]n aggravating factor that subjects a defendant to an increased statutory maximum penalty is . . . the functional equivalent of an element of an aggravated offense." *State v. Schmidt*, 220 Ariz. 563, ¶ 7, 208 P.3d 214, 216 (2009). This admittedly broad definition bolsters our determination that § 13-1204(C) describes an element of the offense Lopez is alleged to have committed.

¶14     For the reasons stated, the respondent judge erred as a matter of law in striking the state's allegation that Lopez is not eligible for probation under § 13-901.01. Thus, we accept jurisdiction and grant relief.


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge