NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. WILLIAM G. MONTGOMERY, Maricopa County Attorney, *Petitioner*,

*v.*

THE HONORABLE ROSA MROZ, Judge of the SUPERIOR COURT OF THE STATE OF ARIZONA, in and for the County of MARICOPA, *Respondent Judge*,

ARMANDO SALDATE, DEBRA JEAN MILKE, *Real Parties in Interest*.

No. 1 CA-SA14-0028
FILED 4-17-2014

Petition for Special Action from the Superior Court in Maricopa County
No. CR1989-012631 A
The Honorable Rosa Mroz, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Petitioner*

Law Office of Treasure VanDreumel, PLC, Phoenix
By Treasure VanDreumel
*Counsel for Real Party in Interest Saldate*

Kimerer & Derrick, P.C., Phoenix
By Michael Kimerer
And
Jones, Skelton & Hochuli, Phoenix
Lori L. Voepel
*Counsel for Real Party in Interest Milke*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Patricia K. Norris joined.

---

**T H O M P S O N,** Judge:

**¶1** This special action came on regularly for conference on the 9th day of April, 2014, before Presiding Judge Peter B. Swann, and Judges Jon W. Thompson and Patricia K. Norris.

**¶2** Special action jurisdiction is available when there is no other equally plain, speedy or adequate remedy by appeal. Ariz. R. Spec. Act. 1(a). Special action jurisdiction is appropriately invoked when there is an issue of state-wide importance. *See State v. Bernini*, 230 Ariz. 223, 225, ¶ 5, 282 P.3d 424, 426 (App. 2012), citing *State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002). Special action jurisdiction is appropriate in cases involving confidential and privileged matters. *Cervantes v. Cates*, 206 Ariz. 179, 181, ¶ 8, 76 P.3d 449, 452 (App. 2003); *Blazek v. Superior Court*, 177 Ariz. 535, 536, 869 P.2d 509, 510 (App. 1994). For these reasons, we accept special action jurisdiction.

**¶3** Real party in interest Armando Saldate was noticed as a witness in an upcoming criminal re-trial in which Debra Jean Milke is the defendant. Saldate seeks to invoke a Fifth Amendment privilege, refusing to answer questions in this case. After considering factual submissions, record material, and briefing submitted by Petitioner State of Arizona, Saldate, and Milke, the superior court ruled that Saldate could make a blanket invocation of the privilege. The State challenges that

2

ruling in this special action and, further, argues that on the existing record, Saldate has not shown he is entitled to invoke the privilege.

¶4 A legitimate claim of Fifth Amendment privilege must establish that the witness has a real and appreciable risk of prosecution under the "ordinary operation of law in the ordinary course of things" and not an imaginary or extraordinary "barely possible contingency." *Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 190 (2004); *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980) (the witness justifiably claims the privilege if he is "confronted by substantial and 'real', and not merely trifling or imaginary, hazards of incrimination") (citation omitted); *State v. Rosas-Hernandez*, 202 Ariz. 212, 216, ¶ 11, 42 P.3d 1177, 1181 (App. 2002). (to invoke privilege, witness "must demonstrate a reasonable ground to apprehend danger from being compelled to testify"). The privilege extends beyond obvious admissions of guilt and encompasses statements that may tend to incriminate by furnishing one link in a chain of evidence required to convict. *Flagler v. Derickson*, 134 Ariz. 229, 231, 655 P.2d 349, 351 (1982). To assess a claim of privilege, the trial court must consider all of the attendant circumstances. *Id.* at 232, 655 P.2d at 352.

¶5 Relying on an August 30, 2013, letter from the United States Attorney for the District of Arizona and a December 6, 2013, letter from the U.S. Department of Justice the State argues that Saldate had no real and appreciable risk of prosecution for committing civil rights violations. The superior court closely reviewed these letters, outlined various ambiguities and uncertainties in them, and essentially concluded they did not negate a real and appreciable risk of prosecution. We agree the letters do not conclusively negate a real and appreciable risk of prosecution, though they lend weight to the State's position. Although the State argues the letters demonstrate the applicable statute of limitations had run with respect to the cases and incidents discussed by the Ninth Circuit in its decision, *see Milke v. Ryan*, 711 F.3d 998 (9th Cir. 2013), possible conspiracy claims under federal law may not be time barred. For example, *see Culp v. United States*, 130 F.2d 93 (8th Cir. 1942); 18 U.S.C. § 371; 18 U.S.C. § 242.

¶6 Nevertheless, based on a review of the record before us, Saldate has not shown a real and appreciable risk of prosecution for such claims. Saldate has argued his Fifth Amendment privilege claim centers around accusations he engaged in a pattern of Miranda and other constitutional violations while interrogating criminal suspects. Although a conspiracy to violate civil rights, like any conspiracy, does not require an explicit agreement and can be inferred from facts and circumstances, the record before us fails to show the existence of a conspiratorial agreement

3

that would warrant Saldate's invocation of the privilege, either on a blanket or on a more specific basis. "The essence of a conspiracy is the agreement to engage in concerted unlawful activity. To connect the defendant to a conspiracy, the prosecution must demonstrate that the defendant agreed with others to join the conspiracy and participate in the achievement of the illegal objective." *United States v. Grassi*, 616 F.2d 1295, 1301 (5th Cir. 1980) (citations omitted). The record before us contains no such evidence. Saldate must do more than show the possible lack of a limitations defense on a possible charge that does not appear to be supported by the record – he has defined at most a speculative and academic risk, not a real and appreciable risk.

¶7        Further, a witness may not invoke the Fifth Amendment out of a fear he will be prosecuted for perjury for what he is about to say. *United States v. Whittington*, 780 F.2d 1210, 1218 (5th Cir. 1986). "The shield against self-incrimination in such a situation is to testify truthfully, not to refuse to testify on the basis that the witness may be prosecuted for a lie not yet told." *Id.;  see also, Earp v. Cullen*, 623 F.3d 1065, 1070 (9th Cir. 2010).

¶8        Upon his appearance being appropriately secured for testimony and on this record, Saldate may be compelled to testify truthfully in the upcoming trial. As citizens, each of us has a duty to testify in criminal proceedings in our courts when called upon to provide relevant information. *See State of New York v. O'Neill*, 359 U.S. 1, 11 (1959).

¶9        For the foregoing reasons and based on this record, we grant special action relief, vacate the superior court's ruling and hold Saldate has failed to show a real and appreciable risk of prosecution for invocation of the Fifth Amendment privilege against self-incrimination.

