IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

MONICA LARA, *Appellant.*

No. 1 CA-CR 15-0506
FILED 7-5-2016

Appeal from the Superior Court in Yuma County
No.  S1400CR201400967
The Honorable Maria Elena Cruz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Edward F. McGee
*Counsel for Appellant*

**OPINION**

Presiding Judge Margaret H. Downie delivered the opinion of the Court,
in which Judge Kent E. Cattani and Judge Donn Kessler joined.

**D O W N I E**, Judge:

¶1          Monica Lara appeals her shoplifting conviction.  We hold that in this felony prosecution brought pursuant to Arizona Revised Statutes ("A.R.S.") section 13-1805(I), Lara's prior shoplifting convictions are elements of the charged offense, not sentencing enhancements.  As a result, the superior court properly declined to bifurcate the trial, and we affirm the ensuing conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2          Lara was charged with one count of shoplifting with two or more prior convictions — a class 4 felony in violation of A.R.S. § 13-1805(A), (I).  Specifically, the State alleged that Lara stole merchandise from a Walmart store and that she had been convicted of shoplifting twice previously within the past five years.

¶3          Lara moved to bifurcate the trial so that jurors would learn of her prior convictions only if they first found her guilty of "misdemeanor shoplifting."  The superior court denied the motion, concluding Lara's prior convictions were elements of the charged offense.

¶4          At trial, witnesses testified that Lara shoplifted the items in question and that she admitted doing so when confronted with the stolen merchandise.  The State introduced certified copies of Lara's 2009 and 2012 shoplifting convictions.  The jury found her guilty as charged.

¶5          Lara timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 13-4031.

## DISCUSSION

¶6          Lara contends her prior shoplifting convictions are sentencing enhancements, not elements of the charged offense.  As such, she argues, the court should have ordered bifurcation because she was entitled to have the jury first determine whether she was guilty of shoplifting before the State introduced evidence of her prior convictions.

¶7          Whether a prior conviction is an element of an offense is an issue of statutory interpretation that we review *de novo*.  *See Robbins v. Darrow*, 214 Ariz. 91, 93, ¶ 12 (App. 2006).  An element is any constituent part of an offense that the prosecution must prove to obtain a conviction. *See State v. Geschwind*, 136 Ariz. 360, 362 (1983).

¶8         "Much turns on the determination that a fact is an element of an offense rather than a sentencing consideration, given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt." *Jones v. United States*, 526 U.S. 227, 232 (1999). The indictment at issue here alleged that Lara committed the offense of shoplifting with two or more prior convictions — a class 4 felony in violation of A.R.S. § 13-1805(I). As relevant, A.R.S. § 13-1805(I) provides:

> A person who . . . commits shoplifting and who has previously committed or been convicted within the past five years of two or more offenses involving burglary, shoplifting, robbery, organized retail theft or theft is guilty of a class 4 felony.

¶9         This statutory language establishes the State's obligation to prove that Lara had "previously committed or been convicted within the past five years of two or more" shoplifting offenses in order to convict her of the charged offense. The prior convictions did not simply enhance the range of Lara's potential sentence; they elevated her offense to a class 4 felony. *Cf. State v. Brown*, 204 Ariz. 405, 408, 411, ¶¶ 11, 25 (App. 2003) (holding the "facilitation portion of § 13-1805(I) creates a greater offense to the lesser offense of shoplifting"). And consistent with *Jones*, 526 U.S. at 232, the superior court instructed jurors regarding this element of proof, stating:

> The defendant is charged with Shoplifting with Two or More Prior Convictions.
>
> The crime of Shoplifting with Two or More Prior Convictions requires proof that the defendant:
>
> 1. was in an establishment in which merchandise was displayed for sale; and
>
> 2. while in such establishment, knowingly obtained goods of another with the intent to deprive the other person of such goods by,
>
>    removing any of the goods from the immediate display or from any other place within the establishment without paying the purchase price.

transferring the goods from one container to another container.

concealment.

*and*

3. has previously committed or been convicted within the five-year period prior to this offense with two or more offenses involving shoplifting.

In its verdict, the jury found that the State proved Lara "had previously committed or been convicted within the past five years of two or more offenses of Shoplifting."

**¶10** Our conclusion is consistent with, though not dependent on, other statutory schemes. In the context of aggravated domestic violence and aggravated DUI, for example, we have held that the applicable statutes set forth elements by requiring the State to prove that the defendant previously committed similar offenses. *See, e.g.*, *State v. Newnom*, 208 Ariz. 507, 508, ¶ 5 (App. 2004) ("[T]he existence of two or more prior convictions for domestic violence is an element of the offense of aggravated domestic violence."); *State v. Superior Court (Walker)*, 176 Ariz. 614, 616 (App. 1993) (aggravated DUI based on prior violations "establishes an element of the substantive offense . . . and the state cannot convict defendant unless it proves that fact").[1]

**¶11** *State v. Burns*, 237 Ariz. 1 (2015), is distinguishable. In *Burns*, the Arizona Supreme Court held that a weapons misconduct charge should be severed from other counts because trial for that offense included evidence of a prior conviction, which was unfairly prejudicial as it related to other charges. But *Burns* does not address bifurcation of a

---

[1] Lara's reliance on *Robbins v. Darrow*, 214 Ariz. 91, 92, ¶ 1 (App. 2006), is unavailing. Although *Robbins* held that the existence of a prior DUI conviction was not an element of misdemeanor DUI under A.R.S. § 28-1381, this Court relied on the "critical significance" of the applicable statutory language, which differs materially from A.R.S. § 13-1805(I). The statute at issue in *Robbins* required the State to *allege* "for the purpose of classification and sentencing" prior DUI convictions within the past 36 months "unless there is an insufficient legal or factual basis to do so." *See id*. at 94, ¶ 16. Under the statutory scheme at issue in *Robbins*, a prior conviction did not elevate the offense to a felony.

charge for which a prior conviction is an element of the offense, and under *Geschwind*, bifurcation is not required:

> Our characterization of the prior conviction [for DWI] as an element of the crime [of felony DWI] rather than a mere sentencing consideration settles the question of appellant's entitlement to a bifurcated trial. The procedure used in the trial court, as to proof of the prior DWI conviction, was proper under 17 A.R.S. Rules of Criminal Procedure, rule 19, because proof of the prior conviction was part of the state's burden of proving all the elements of the crime charged.

136 Ariz. at 362.

¶12 *Geschwind*'s statement that characterizing a prior conviction as an element of the crime settles the bifurcation question is arguably inconsistent with subsequent capital case jurisprudence, in which aggravating circumstances in first-degree murder cases are treated as the "functional equivalent of an element of a [first-degree murder] offense" under *Ring v. Arizona*, 536 U.S. 584, 609 (2002), but are nonetheless submitted to the jury *after* a finding of guilt for first-degree murder. *See* A.R.S. § 13-752. Nevertheless, *Geschwind* remains the controlling law.

¶13 As Lara concedes, when prior convictions are elements of a charged offense, trial courts may not preclude them as evidence. *See State ex rel. Romley v. Superior Court (Begody)*, 171 Ariz. 468, 471 (App. 1992) ("[T]he trial court possessed no discretion to bifurcate defendants' trials to eliminate the 'prejudice' resulting from proof of an element of the offense charged."). Lara's prior shoplifting convictions were "an integral part of the crime with which [she] was charged." *Geschwind*, 136 Ariz. at 363. As such, the superior court properly refused to bifurcate the trial. *See id*. at 362 ("Our characterization of the prior conviction as an element of the crime rather than a mere sentencing consideration settles the question of appellant's entitlement to a bifurcated trial.").

## CONCLUSION

¶14        We affirm Lara's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: AA