NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TRINO MELGOZA, JR., *Appellant.*

No. 1 CA-CR 21-0566
FILED 8-11-2022

Appeal from the Superior Court in Yavapai County
No. V1300CR202180163
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Amy Thorson
*Counsel for Appellee*

Law Office of Nicole Countryman, Phoenix
By Nicole Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**B R O W N**, Judge:

¶1        Trino Melgoza, Jr. appeals from his conviction and sentence for aggravated harassment, a class five felony.  Because no reversible error occurred, we affirm.

## BACKGROUND

¶2        In November 2017, Melgoza's former partner and mother of his three children ("the victim"), obtained and served an order of protection ("2017 Order") against Melgoza, prohibiting him from contacting her.  In December 2017, while the order remained valid, Melgoza violated it by communicating with the victim.  He pled guilty to aggravated harassment, a class six undesignated felony, and was placed on supervised probation for three years.

¶3        In November 2020, the victim obtained and served a second order of protection against Melgoza, which remained in effect for one year from the date of service.  Several weeks later, the family court modified the order of protection, ordering that Melgoza and the victim would have joint legal decision-making and evenly divide their time with the children.  The court ordered that "communications regarding the children will be between the parents and they will not use the children to convey information."  The order also restricted the parties' communications to discussions of address changes, emergencies, the children's activities, and relocations.

¶4        In March 2021, Melgoza parked across the street from the victim's home.  Using a megaphone, he spoke with his daughter outside and requested that she ask the victim to give him a portion of her stimulus money.  Melgoza told his daughter that he did not want to cause a scene but that he would.  The victim recorded the interaction on her phone from inside her home.  The next day, she sent the audio recording of Melgoza's interaction with their daughter to law enforcement.  A grand jury indicted Melgoza, alleging he committed aggravated harassment in violation of A.R.S. § 13-2921.01, which states as follows:

A. A person commits aggravated harassment if the person commits harassment as provided in § 13-2921 and any of the following applies:

1. A court has issued an order of protection or an injunction against harassment against the person and in favor of the victim of harassment and the order or injunction has been served and is still valid.

2. The person has previously been convicted of an offense included in § 13-3601.

B. The victim of any previous offense shall be the same as in the present offense.

C. A person who violates subsection A, paragraph 1 of this section is guilty of a class 6 felony. A person who commits a second or subsequent violation of subsection A, paragraph 1 of this section is guilty of a class 5 felony. A person who violates subsection A, paragraph 2 of this section is guilty of a class 5 felony.

**¶5** At a pretrial conference, the superior court addressed the admissibility of Melgoza's 2018 conviction for aggravated harassment and the wording of the preliminary jury instructions describing the elements of the crime as alleged in the indictment. Melgoza argued his prior conviction should not be admitted at trial, stating it was "super-prejudicial" and would "lead the jury to think . . . he's done it once, he's going to do it again." The State countered that as charged in the indictment, the prior conviction was an element of the crime that must be proven at trial.

**¶6** At the beginning of the three-day trial, the State altered its position, asserting that Melgoza's prior conviction should operate as an enhancement—to be proven during a subsequent aggravation phase—rather than an element of the charged offense. Although unsure, the superior court allowed the change because both parties agreed with it. After further discussion, the State suggested the indictment would need to be amended. Melgoza had no objection, and the court amended the indictment to reflect a class six felony without a prior conviction. The case was then tried to the jury consistent with the amended indictment.

**¶7** At the end of the guilt phase, the jury found Melgoza guilty of aggravated harassment, a domestic violence offense. As part of the aggravation phase, the jury found Melgoza had been previously convicted

of aggravated harassment of the same victim alleged to have been harassed in this case. The superior court then sentenced Melgoza for aggravated harassment per domestic violence as a class five felony and placed him on standard supervised probation for three years. Melgoza timely appealed, and we have jurisdiction under A.R.S. § 12-120.21(A)(1).

## DISCUSSION

¶8 Melgoza argues the superior court erred in allowing the State to present evidence of his prior aggravated harassment conviction during the aggravation phase and in sentencing him to a class five felony based on the jury's finding of a prior conviction. Melgoza contends that because the amended indictment tracked the statutory language for a class six felony, the court lacked the legal authority to enter a judgment for a class five felony at sentencing. He further argues that the jury's verdict during the aggravation phase did not adequately satisfy the necessary elements for class five aggravated harassment.

¶9 Because Melgoza raises these issues for the first time on appeal, we review for fundamental error only. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). In reviewing for fundamental error, Melgoza must first establish that trial error exists. *Id.* at 142, ¶ 21. He then has the burden to demonstrate that the error was both fundamental and prejudicial. *Id.* To show prejudice from fundamental error, Melgoza must show that without the error, a reasonable jury could have reached a different result. *See id.* at 144, ¶ 29.

### A. Bifurcation

¶10 When a prior conviction "must be found following a guilty verdict, the trial must proceed initially as though there were no prior conviction or sentencing allegations, *unless* the conviction or sentencing allegation is an element of the charged crime." Ariz. R. Crim. P. 19.1(c)(1) (emphasis added). Deciding whether a prior conviction constitutes an element of a crime is an issue of statutory interpretation that we review de novo. *State v. Lara*, 240 Ariz. 327, 328, ¶ 7 (App. 2016). When the prior conviction is not "distinct and independent" from the charged offense, evidence of a prior conviction should be included as an element of the crime. *See State v. Geschwind*, 136 Ariz. 360, 362–63 (1983) (citation and quotation omitted).

¶11 The State initially charged Melgoza with aggravated harassment with a prior conviction, a class five felony under § 13-2921.01. During the pretrial hearing on the admissibility of his prior conviction,

Melgoza argued it should not be admitted at trial. The superior court found that evidence of the prior conviction was necessarily an element of the charged offense and would therefore be admissible during trial for the purpose of satisfying that element. However, on the first day of trial, the prosecutor raised the issue of admissibility of the prior conviction again, asserting that the prior conviction functioned as a sentence enhancement to be proven in a subsequent aggravation phase, rather than an element of the crime. Melgoza agreed with the prosecutor and the trial was conducted in accordance with the amended indictment.

¶12        Unlike the position he took in the superior court, Melgoza argues the court erred in bifurcating the trial. Arguably, he invited the error and thus cannot obtain appellate relief. *See State v. Rushing*, 243 Ariz. 212, 217, ¶ 14 (2017) ("The invited error doctrine prevents a party from injecting error into the record and then profiting from it on appeal."). However, because the State has not raised the issue we do not decide whether it applies. *See State v. Robertson*, 249 Ariz. 256, 258, ¶ 9 (2020) (directing appellate courts to "heed the principles underlying the waiver doctrine intended 'to prevent the court from deciding cases with no research assistance or analytical input from the parties'" (citation omitted)).

¶13        The State appears to concede that Melgoza's prior conviction was necessarily an element of the charged offense. *See Geschwind*, 136 Ariz. at 362 (defining an element of a crime as one necessary to sustain a conviction); *see also Lara*, 240 Ariz. at 327, 328, ¶¶ 8–9 (finding prior shoplifting conviction was an element of the offense, not a sentencing enhancement, in part because the prior conviction elevated the offense to a higher class of felony). For purposes of this decision, we accept the State's concession and assume the superior court erred in bifurcating the trial because Melgoza's prior conviction was an element of the charged offense and should have been presented during the guilt phase.

¶14        Melgoza, however, has failed to establish how he was prejudiced by the error. As noted, Melgoza was adamant that there should be no reference to his prior conviction, asserting it was not an element of the current charge and would be "highly prejudicial" if presented to the jury. And when the State asked to bifurcate the trial in order to treat the prior conviction as a "sentence enhancement" instead of an underlying element of the offense, Melgoza agreed to the change. Consistent with Melgoza's position, the court permitted him to present his defense without evidence of the prior conviction, the jury found the prior conviction during the aggravation phase, and the jury was properly instructed on the State's burden of proof during both phases of the trial. Thus, Melgoza has not

shown that without the bifurcation a reasonable jury could have reached a different result.  *See Escalante*, 245 Ariz. at 144, ¶ 29.

### B.      Amended Indictment

**¶15**          Melgoza also contends that because the indictment was amended to reflect statutory language consistent with a class six felony, his conviction for a class five felony conflicted with the indictment and the jury's verdict.  In amending the indictment from a class five felony to a class six felony, the court may have fundamentally erred by omitting an element of the crime the State had to prove to convict Melgoza of aggravated harassment, a class five felony.  Melgoza, however, was able to present his defense without the stigma of the jury hearing evidence of his prior conviction.  Even without that evidence, the jury returned a guilty verdict. Moreover, during the aggravation phase, the jury was instructed on the additional elements necessary to prove the prior conviction, as well as the State's burden of proving each of those elements beyond a reasonable doubt. Melgoza has not shown he was prejudiced by the amended indictment.

### C.      Aggravation Phase Verdict Form

**¶16**          The verdict form presented to jurors during the aggravation phase asked them to decide whether (1) Melgoza was "previously convicted of the offense of <u>Aggravated Harassment</u>, a domestic violence offense[,]" and (2) "[t]he victim of the previously convicted offense was the same person alleged to have been harassed in this case."   Melgoza summarily argues that the verdict was insufficient to prove he had "previously violated an order of protection against the same victim," asserting such a showing was required to sustain his 2021 conviction as a class five felony, instead of a class six.

**¶17**          To sustain a conviction of aggravated harassment as a class five felony, in addition to proving the defendant committed harassment under § 13-2921, the State must also prove that either (1) the current offense is a second or subsequent violation of § 13-2921.01(A)(1) (committing the offense in violation of a protective order or injunction against harassment) against the same victim; or (2) the defendant has a prior domestic violence conviction under § 13-3601.  *See* A.R.S. § 13-2921.01(A)–(C).  To prove a prior conviction, the State need only show evidence of the conviction itself, and that the current defendant committed the prior offense.  *State v. Nash*, 143 Ariz. 392, 403 (1985).

**¶18** Here, the State introduced certified copies of the 2017 Order for protection, Melgoza's 2018 plea agreement, his conviction, and the judgment of the court. These documents detailed Melgoza's 2018 conviction for aggravated harassment based on his violation of the 2017 Order and identified the same victim. His violation was also classified as a domestic violence offense. A.R.S. § 13-3601(A). Because Melgoza's 2018 conviction for aggravated harassment was both a violation of a protective order and a domestic violence charge under § 13-3601, the evidence supports the jury's conviction as a class five felony; either as a second violation of § 13-2921.01(A)(1) or as a violation of § 13-2921.01(A)(2). *See* A.R.S. § 13-2921.01(A)–(C).

**¶19** As part of the guilt phase, the jury was instructed on the elements necessary to prove aggravated harassment. Those instructions required the jury to find that Melgoza both: "1. Anonymously or otherwise communicated or caused a communication with [victim], **and** 2. The harassment was done after a court had issued an order of protection against the defendant in [victim]'s favor and the order of protection had been served and was still valid." During the aggravation phase, the State introduced Melgoza's 2018 violation of an order of protection against the victim, after which the jury was asked to determine whether Melgoza had committed a prior offense of aggravated harassment in 2018. Thus, to the extent Melgoza challenges the sufficiency of the verdict form at the aggravation phase, the jury had already received instructions consistent with a second violation of an order of protection under § 13-2921.01(A)(1), (C). Melgoza has not shown that fundamental error occurred.

## CONCLUSION

**¶20** We affirm Melgoza's conviction and sentence.

