IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant,*

*v.*

KARA ANNE STOWE, *Appellee.*

No. 1 CA-CR 21-0422
FILED 11-1-2022

Appeal from the Superior Court in Maricopa County
No.  CR2019-144622-001
The Honorable Anne H. Phillips, Judge *Pro Tempore*

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Appellant*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellee*

**OPINION**

Presiding Judge Jennifer M. Perkins delivered the opinion of the Court, in which Judge James B. Morse Jr. and Judge Michael J. Brown joined.

**P E R K I N S**, Judge:

¶1        Arizona law requires a person convicted for extreme driving under the influence of intoxicating liquor to serve at least 45 days in jail. The legislature has authorized the superior court to suspend all but 14 days of that sentence when the person equips a vehicle she operates with an ignition interlock device for a year. We address here whether a person who does not own or operate any vehicle for a year must, nonetheless, equip a vehicle with the device before the court may reduce her jail time. We conclude the law allows the court to reduce otherwise mandatory jail time for a person who does not own or operate any vehicle for a year.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        In September 2019, the State charged Stowe with multiple counts of aggravated and extreme aggravated driving under the influence ("DUI"). Stowe sold her car to pay for an attorney. Stowe later pled guilty to one count of extreme aggravated DUI with a blood alcohol content of .20 or more, a class 6 undesignated felony. The superior court sentenced Stowe to two years' supervised probation and a 45-day jail sentence. The sentencing order stated, "[a]ll but 14 consecutive days in jail may be suspended [if] the defendant equips any motor vehicle she operates with a certified ignition interlock device for a period of 12 months." Stowe served the 14-day jail sentence following the court's pronouncement of sentence.

¶3        In August 2021, Stowe's probation officer petitioned for early termination of Stowe's probation. The State opposed early termination, arguing Stowe needed to serve 31 more days in jail because she failed to install an interlock device on a vehicle. Stowe stated she did not install an interlock device because she sold her car and had not driven since her sentencing. The superior court terminated Stowe's probation in September 2021, and the State timely appealed.

## DISCUSSION

¶4        Although neither party raised the issue on appeal, we have an independent obligation to ensure we have jurisdiction. *Ochoa v. Bojorquez*, 245 Ariz. 535, 535–36, ¶ 2 (App. 2018). Our legislature has specified seven circumstances in which the State has authority to file an appeal in a criminal case. *See* A.R.S. § 13-4032. Here, the State alleged that the superior court's order both affected substantial rights of the State and amounted to an illegal sentence. A.R.S. § 13-4032(4)–(5). It is not clear that either provision applies under these circumstances to authorize the State's appeal. But we need not

decide that question today; rather, we exercise our discretion to accept special action jurisdiction. *See State v. Bernini*, 230 Ariz. 223, 225, ¶¶ 4–5 (App. 2012) (declining to resolve whether the State had statutory authorization to appeal and exercising special action jurisdiction).

**¶5**     Special action jurisdiction is appropriate when a party has no "equally plain, speedy, and adequate remedy by appeal," Ariz. R.P. Spec. Act. 1(a), or in cases "involving a matter of first impression, statewide significance, or pure questions of law." *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 8 (App. 2001). The issue here is a matter of first impression and a pure question of law: whether a probationer must install an ignition interlock device on a vehicle to suspend the remainder of her jail time under A.R.S. § 28-1382(I) even when the probationer does not own or operate a vehicle.

**¶6**     We review issues of statutory construction *de novo. BSI Holdings, LLC v. Ariz. Dep't of Transp.*, 244 Ariz. 17, 19, ¶ 9 (2018). Our objective is to "effectuate the text if it is clear and unambiguous." *Id.* If the text presents "only one reasonable interpretation, we apply it without further analysis." *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017) (citation omitted).

**¶7**     A person convicted for DUI with a blood alcohol content of .20 or more is not eligible for probation or suspension of her sentence unless she serves at least 45 consecutive days in jail. A.R.S. § 28-1382(D)(1). But the superior court "may suspend all but fourteen days of the sentence if the person equips *any motor vehicle the person operates* with a certified ignition interlock device for a period of twelve months." A.R.S. § 28-1382(I) (emphasis added).

**¶8**     The State does not dispute that Stowe did not own a vehicle, could not afford a vehicle, and did not operate a vehicle during her probation. Yet the State argues Stowe needed to install and maintain an ignition interlock device on *a* motor vehicle for 12 months—and her failure to do so warrants an additional 31 days in jail. We disagree.

**¶9**     Subsection (I) conditions suspension of a portion of the required jail term on a probationer installing an interlock device on "any vehicle the person operates." A.R.S. § 28-1382(I). The State urges us to construe that provision to either (i) make a probationer ineligible for suspension of a part of the jail sentence if she does not own or operate a car, or (ii) require a probationer to acquire and operate a car to qualify for the reduced sentence. Even if the statutory text could support either approach,

we decline to adopt such an absurd interpretation. Read in its entirety, the statute does not gratuitously require a probationer to install an interlock device on *a* motor vehicle but unambiguously conditions installation of an interlock device on "any motor vehicle the [probationer] operates." *See State v. Ariz. Bd. of Regents*, 253 Ariz. 6, 14 ¶ 28 (2022) ("In considering two plausible interpretations of a statute, we will not credit one that leads to absurd results."). Because Stowe did not operate any motor vehicle during her probation, she complied with the statute. The superior court did not err when it terminated Stowe's probation.

## CONCLUSION

¶10     We accept special action jurisdiction and deny relief.

